## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**LIZZIE PUGH**, *an individual*,

    Plaintiff,

v.

    **Case No.:** <u>2:22-cv-12028</u>

**FIFTH THIRD BANK, NATIONAL ASSOCIATION d/b/a "Fifth Third Bancorp,"** *a foreign corporation*, **FIFTH THIRD FINANCIAL CORPORATION,** *a foreign corporation*, **OLD KENT MORTGAGE SERVICES, INC.**, *a domestic corporation*,

Removed from the Circuit Court of Wayne County, Michigan, Civil Action Case No. 22-009346-CZ

    Defendants.

| | |
|---|---|
| **DEBORAH GORDON LAW**<br>Deborah L. Gordon (P27058)<br>Elizabeth Marzotto Taylor (P82061)<br>Sarah Gordon Thomas (P83935)<br>Molly Savage (P84472)<br>*Attorneys for Plaintiff*<br>33 Bloomfield Hills Parkway, Suite 220<br>Bloomfield Hills, Michigan 48304<br>(248) 258-2500<br>dgordon@deborahgordonlaw.com<br>emarzottotaylor@deborahgordonlaw.com<br>sthomas@deborahgordonlaw.com<br>masavage@deborahgordonlaw.com | **DINSMORE & SHOHL LLP**<br>J. Travis Mihelick (P73050)<br>*Attorneys for Defendants*<br>900 Wilshire Dr., Ste. 300<br>Troy, MI 48084<br>T: (248) 647-6000<br>F: (248) 647-5210<br>Travis.mihelick@dinsmore.com<br><br>Katherine A. Rasmussen (P83661)<br>255 E. Fifth Street, Ste. 1900<br>Cincinnati, OH 45202<br>T: (614) 628-6982<br>F: (513) 977-8141<br>Katherine.rasmussen@dinsmore.com |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Fifth Third Bank, National Association d/b/a Fifth Third Bancorp and Fifth Third Financial Corporation (collectively, "Fifth Third" or "Defendants"), by and through counsel, Dinsmore & Shohl LLP, hereby file their Notice of Removal to remove the instant action from the Circuit Court for the County of Wayne, State of Michigan, where it is now pending, to the United States District Court for the Eastern District of Michigan. This action is within the original jurisdiction of the United States District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1332(a) because, excluding a fraudulently-joined Michigan defendant, the parties are citizens of Michigan and a foreign state, and the total amount in controversy exceeds $75,000, exclusive of interest and costs. In further support of this Notice, Fifth Third states as follows:

## INTRODUCTION AND PROCEDURAL BACKGROUND

1.      On August 5, 2022, Plaintiff Lizzie Pugh ("Pugh") commenced a civil action in the Circuit Court of Wayne County, Michigan by the filing of a complaint, captioned *Lizzie Pugh v. Fifth Third Bank, National Association; Fifth Third Bank Financial Corporation; and Old Kent Mortgage Services, Inc.*, No. 22-009346-CZ (the "State Court Action.").

2.     Plaintiff's Complaint asserts a single cause of action against all Defendants for alleged violations of Michigan's Elliott-Larsen Civil Rights Act. Pugh contends Defendants violated the Elliott-Larsen Civil Rights Act when employees at a local Fifth Third Branch refused to allow Pugh to deposit a check she received from the casino on April 11, 2022. (Compl. ¶ 32.). Pugh does not direct any specific allegations and any specific defendant; all allegations are generalized against all defendants.

3.     Fifth Third accepted service of the Summons and Complaint through undersigned counsel on August 8, 2022.

4.     As detailed below, Old Kent Mortgage Services, Inc. ("OKMS"), is fraudulently joined, as OKMS is a separate corporate entity that has no connection to Pugh or any involvement whatsoever with the transaction at issue in the Complaint. Indeed, OKMS is a non-banking entity that serves as a holding company. It is assumed that OKMS was included in an attempt to destroy diversity jurisdiction.

5.     Pugh previously commenced a prior suit for the same alleged claims in the United States District Court for the Eastern District of Michigan by the filing of a complaint on June 27, 2022, captioned *Lizzie Pugh v. Fifth Third Bank, National Association; Fifth Third Bank Financial Corporation; and Old Kent Mortgage Services, Inc.*, No. 3:22-cv-11433-RHC-APP (the "Prior Federal Court Action"). The Prior Federal Court Action was assigned to the Hon. Robert H. Cleland.

3

6.     Pugh's complaint in the Prior Federal Court Action is nearly identical to the complaint filed in the State Court Action. More specifically, all factual allegations included in the Prior Federal Court complaint and the State Court complaint are the same, but in the Prior Federal Court Action, Pugh also asserted a cause of action against Defendants under 42 U.S.C. § 1981.

7.     Plaintiff voluntarily dismissed the Prior Federal Court Action against Defendants on July 8, 2022. The complaint was refiled in the State Court Action on August 5, 2022.

8.     Undersigned counsel has explained to Plaintiff's counsel that OKMS is not a properly named defendant in the pending State Court Action, that PNC Bank N.A. is the appropriate defendant based on the allegations in the Complaint, and requested that Plaintiff's counsel voluntarily dismiss OKMS based on their clear lack of involvement in the case; counsel has thus far refused.

9.     A true and accurate copy of the Summons and Complaint are attached as **Exhibit A**. The documents attached as **Exhibit A** constitute all process, pleadings, and order served upon Fifth Third to date in the State Court Action.

## JURISDICTION

10.     28 U.S.C. § 1441(a) provides that: "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may

be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

11.    28 U.S.C. § 1332(a) grants original jurisdiction in the United States District courts for "all civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between…(1) citizens of different States."

12.    This Court has diversity jurisdiction in this matter pursuant to 28 U.S.C. §§ 1332 and 1441 because Pugh and Fifth Third are citizens of different states. Moreover, the fraudulent joinder rules apply since OKMS is fraudulently joined. Finally, the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

**A. Complete Diversity Exists Between Plaintiff and Fifth Third.**

13.    At the time this action was commenced and to date, Pugh, upon information and belief, is an individual who is domiciled in, and is a citizen of, the State of Michigan. (Compl. ¶ 2.)

14.    Fifth Third Bank, N.A. ("Fifth Third") was at the time of filing this action, and still is, a national banking association, organized under the laws and regulations of the United States, which is headquartered and with its main office in Cincinnati, Ohio. Likewise, Fifth Third's Articles of Incorporation designate its principle place of business as Cincinnati, Ohio.

15.     Defendant Fifth Third Financial Corporation was at the time of filing this action, and still is, a subsidiary of Fifth Third and incorporated under the laws of the State of Ohio. Fifth Third Financial Corporation has its main office in Cincinnati, Ohio and operates under the same articles of incorporation as Fifth Third.

16.     Defendant OKMS was at the time of filing this action, and still is, a wholly-owned subsidiary of Fifth Third and incorporated under the laws of the State of Michigan. As explained below, OKMS is fraudulently joined and cannot defeat removal.

17.     Because Plaintiff is a Michigan citizen, Fifth Third is an Ohio citizen, Fifth Third Financial Corporation is an Ohio citizen, and OKMS's citizenship should be disregarded under the fraudulent joinder doctrine, complete diversity of citizenship exists between the parties in this action. Plaintiff is not a citizen of a state where a non-fraudulently joined defendant is also a citizen, and this action is therefore between a "citizen[] of a State" and a "citizen[] or subject[] of a foreign State." *See* 28 U.S.C. § 1332(a)(2).

**B. OKMS Was Fraudulently Joined and Does Not Defeat Removal.**

18.     Defendant OKMS's citizenship should be disregarded under the fraudulent joinder doctrine. It is unclear why Plaintiff included OKMS, or why Plaintiff's counsel has refused to voluntarily dismiss the unrelated entity.

19.     "Fraudulent joinder is 'a judicially created doctrine that provides an exception to the requirement of complete diversity." *Casias v. Wal-Mart Stores, Inc*. 695 F.3d 428, 432-33 (6th Cir. 2012) (quoting *Coyne v. Am. Tobacco Co.,* 183 F.3d 488, 493 (6th Cir. 1999), *abrogated on other grounds by Hall St. Assocs., L.L.C. v. Mattel, Inc.* 552 U.S. 576 (2008)). "[F]raudulent joinder of non-diverse defendants will not defeat removal on diversity grounds." *Coyne*, 183 F.3d at 492 (citing *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994)).

20.     "A defendant is fraudulently joined if it is 'clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law['] …The relevant inquiry is whether there is a 'colorable basis for predicting that a plaintiff may recover against [a defendant].'… 'The removing party bears the burden of demonstrating fraudulent joinder." *Casias,* 695 F.3d at 432-33. A plaintiff's motive for joinder is immaterial. *See Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999).

21.     When assessing fraudulent joinder, district courts "apply a test similar to, but more lenient than, the analysis applicable to a Rule 12(b)(6) motion to dismiss … As appropriate, [they] may 'pierce the pleading' and consider summary judgment evidence, such as affidavits presented by the parties … The court may look to material outside the pleadings for the limited purpose of determining whether there

are 'undisputed facts that negate the claim.'" *Caisas*, 695 F.3d at 433 (citations omitted).

22.     In this case, OKMS is a wholly-owned subsidiary of Fifth Third Bank, N.A. OKMS is a holding company, whose only tangible assets include 100% ownership of Fifth Third Mortgage-MI, LLC ("FTMM") and real property in Kentwood, Michigan. In turn, FTMM is a Delaware limited liability company which owns a small portfolio of commercial and residential loans. (*See* Affidavit of Al Cliffel ¶¶ 5-8 (attached hereto as **Exhibit B**.))

23.     OKMS is a non-banking entity with no employees and no operations. OKMS has had no operations since at least 2005, and exists as nothing more than a holding company for FTMM. Moreover, neither OKMS nor FTMM originate or service loans, and have not since at least January 1, 2019. Significantly, neither OKMS nor FTMM have the ability to process, take, or hold deposit or savings accounts; they are non-banking entities. (**Exhibit B** ¶¶ 6-9.)

24.     Pugh's Complaint alleges that Ms. Pugh "went to a Fifth Third branch in Livonia, Michigan to open a savings account and to deposit her [check] into the newly created account." (Compl. ¶ 15.)

25.     According to Ms. Pugh, employees determined the check at issue was fraudulent and "refused to provide banking services to her" (Compl. ¶¶ 32-33) in violation of the Elliott-Larsen Civil Rights Act.

26.     Tellingly, Pugh's Complaint does not include a *single* particularized allegation against OKMS. Instead, Plaintiff's vague allegations are improperly directed at all three Defendants, collectively. Plaintiff completely disregards that Fifth Third and OKMS are two separate corporate entities.

27.     Under Michigan law, it is a well-recognized principle that "separate corporate entities will be respected." *Thomas v. Dollar Gen. Corp.,* No. 337013, 2018 WL 1343042, at *4-5 (Mich. Ct. App. March 15, 2018) quoting *Seasword v Hilti, Inc*, 449 Mich. 542, 547 (1995). Indeed, "Michigan law presumes that, absent some abuse of corporate form, parent and subsidiary corporations are separate and distinct entities." *See Seasword*, 449 Mich. 542, 547 (1995).

28.     To that end, OKMS is fraudulently joined because it is "clear that there can be no recovery under the law of the state on the cause alleged or on the facts in view of the law." *Casias*, 695 F.3d at 432-33. Indeed, OKMS has no employees, no operations, no administration, no processes, cannot take, hold, or process deposits, is a non-banking entity, and does not have any ownership interest in either the building or real property at issue in the Complaint. (*See* **Exhibit B** at ¶¶ 14-16.)

29.     In short, there is no fact possible which could even remotely tie OKMS to the actions alleged in the Complaint.

30.     Thus, Plaintiff lacks a colorable claim against OKMS, as it is a separate corporate entity that had absolutely no involvement in the transaction at issue.

## AMOUNT IN CONTROVERSY

31.    Pugh does not seek a specific dollar amount of damages in her Complaint. Rather, Pugh's Complaint seeks unspecified recovery for compensatory damages, punitive damages, liquidated damages, as well as reasonable attorney fees and expert witness fees.

32.    Pursuant to L.R. 81.1, when the Complaint does not state a specific amount in excess of a jurisdictional amount, a removing defendant must allege that the amount in controversy exceeds the diversity limit and set forth facts in support of such an allegation.

33.    In the Sixth Circuit, a defendant removing a state court action for unspecified damages must show that the amount in controversy exceeds $75,000 by a "preponderance of the evidence." *Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560, 572 (6th Cir. 2001); *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 873 (6th Cir. 2000) *abrogated on other grounds by Powerex Corp. v. Reliant Energy Services*, 551 U.S. 224, 232 (2007); *Gafford v. General Electric Co.*, 997 F.2d 150, 158 (6th Cir. 1993) *abrogated on other grounds by Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1191 (2010). This test "does not place upon the defendant the daunting burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy requirement." *See Gafford v. Gen. Elec. Co.*, 997 F.2d 150,

159 (6th Cir. 1993), *abrogated on other grounds by Hertz Corp. v. Friend,* 559 U.S. 77 (2010).

34.   The preponderance of the evidence standard requires only that the removing defendant allege facts sufficient to establish that the plaintiff would more likely than not seek to recover more than the jurisdictional amount. *See Everett v. Verizon Wireless, Inc.,* 460 F.3d 818, 822 (6th Cir. 2006); *Klepper v. First Am. Bank*, 916 F.2d 337, 340 (6th Cir. 1990); *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993).

35.   Punitive damages, which are alleged in this case, must be taken into consideration "unless it is apparent to a legal certainty that such cannot be recovered." *Hayes v. Equitable Energy Resources Co.,* 266 F.3d 560, 572 (6th Cir. 2001) quoting *Holley Equipment Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987).

36.   Moreover, the amount in controversy may also include attorneys' fees where, as here, those fees are recoverable by statute. *See Crosby v. Am. Online, Inc.*, 967 F. Supp. 257, 261 (N.D. Ohio 1997). Under Michigan's Elliott-Larsen Civil Rights Act, a prevailing plaintiff may recover his or her reasonable attorneys' fees. *See* MCL § 37.2801(3).

37.   In this matter, Pugh is claiming that Fifth Third denied her service on the basis of her race, and that as a result of its alleged actions, Pugh **"sustained**

**injuries and damages including, but not limited to, outrage and humiliation, mental anguish, anxiety, physical and emotional distress, and loss of ordinary pleasures of everyday life."** (Compl. ¶ 48 (emphasis added.))

38.     Pugh has requested damages, including but not limited to the following:

## A. Legal Relief

1.  Compensatory damages in whatever amount Plaintiff is found to be entitled;

2.  Punitive damages in whatever amount Plaintiff is found to be entitled;

3.  Liquidated damages in whatever amount Plaintiff is found to be entitled; and

4.  An award of interest, costs, reasonable attorney fees, and expert witness fees.

## B. Declaratory and Equitable Relief

1.  An injunction from this Court prohibiting any further acts of discrimination, intimidation, or retaliation;

2.  An award of interest, costs, and reasonable attorney fees; and

3.  Whatever other declaratory and/or equitable relief appears appropriate at the time of final judgment.

(Compl., Relief Requested at p. 6.)

39.     Pugh seeks *four separate categories of damages* in connection with this case (and could theoretically recover damages under each identified category if successful), including both punitive and liquidated damages. She also claims to have

experienced "outrage and humiliation, mental anguish, anxiety, physical and emotional distress, and loss of ordinary pleasures of everyday life" as a result of Fifth Third's actions. Moreover, Plaintiff's Counsel, Ms. Gordon, has recently requested, and received, approval of her attorney fees at a rate of $600/hour. *See Doe v. Univ. of Mich.*, 2021 U.S. Dist. LEXIS 259322, *16 (E.D. Mich. Nov. 19, 2021). At that rate, an award of attorney fees themselves will unquestionably meet the diversity threshold. Thus, it is more likely than not that Pugh would seek to recover in excess of $75,000. *See Everett v. Verizon Wireless, Inc.*, 460 F. 3d 818, 822 (6th Cir. 2006).

40.     As such, Fifth Third asserts in good faith that the amount in controversy requirement of 28 U.S.C. § 1332(a) has been met.

## **COMPLIANCE WITH THE REMOVAL STATUTES**

41.     This notice is filed pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

42.     Because there is complete diversity amongst the parties and the amount in controversy exceeds $75,000, removal of this action is permitted pursuant to 28 U.S.C. § 1441.

43.     This notice has been filed within 30 days after Fifth Third was served with a copy of the initial pleading setting forth a claim against Fifth Third and within one year since the commencement of the action, pursuant to 28 U.S.C. § 1446(b).

44.     Removal of the entire action is therefore appropriate pursuant to 28 U.S.C. § 1441.

45.     Pursuant to 28 U.S.C. § 1441(a) and E.D. Mich. LR 83.10, venue is proper in this Court because Wayne County is the county in which this case was pending in state court.

46.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Fifth Third in the state-court action are attached. (**Exhibit A**).

47.     Pursuant to Federal Rule of Civil Procedure 81(c)(2)(C), Fifth Third has seven days from the date this notice is filed to answer or otherwise respond to Pugh's complaint.

48.     Pursuant to 28 U.S.C. § 1446(d), a notice of filing—a copy of which, without exhibits, is attached hereto—is contemporaneously being filed with the Circuit Court for the County of Wayne, State of Michigan, and electronically served on the adverse party. (**Exhibit C**).

49.     Fifth Third reserves the right to amend or supplement this Notice of Removal to present additional arguments in support of their entitlement to remove the case.

50.     Fifth Third does not waive any of its defenses to the claims asserted by Pugh or concede that Pugh has asserted claims upon which relief can be granted by filing of this Notice of Removal.

## **CONCLUSION**

51.    Therefore, Fifth Third hereby gives notice of this removal, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, from the Circuit Court for the County of Wayne, State of Michigan, to the United States District Court for the Eastern District of Michigan, Southern Division.

Fifth Third therefore requests removal of the state-court action to this Court and request that further proceedings be conducted in this Court as provided by law.

Dated: August 29, 2022            Respectfully submitted,

/s/  *J. Travis Mihelick*
J. Travis Mihelick (P73050)
*Attorneys for Defendant*
900 Wilshire Drive, Suite 300
Troy, Michigan 48084
(248) 203-1655 / (248) 647-5210 (fax)
Travis.mihelick@dinsmore.com

Katherine A. Rasmussen (P83661)
255 E. Fifth Street, Ste. 1900
Cincinnati, OH 45202
(614) 628-6982/ (513) 977-8141 (fax)
Katherine.rasmussen@dinsmore.com

15

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on **August 29, 2022**, I electronically filed the foregoing instrument with the Clerk of the Court using the ECF system and that a copy was electronically served on all counsel of record via the ECF system, and to any counsel not registered to receive electronic copies from the court, by enclosing same in a sealed envelope with first class postage fully prepaid, addressed to the above, and depositing said envelope and its contents in a receptacle for the U.S. mail.

/s/ *J. Travis Mihelick*

J. Travis Mihelick (P73050)
