# EXHIBIT A

Approved, SCAO

Original - Court
1st Copy- Defendant

2nd Copy - Plaintiff
3rd Copy -Return

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | SUMMONS | CASE NO.<br>22-009346-CZ<br>Hon. Edward Ewell, Jr. |
|---|---|---|

Court address : 2 Woodward Ave., Detroit MI 48226   Court telephone no.: 313-224-5195

**Plaintiff's name(s), address(es), and telephone no(s)**
Pugh, Lizzie

v

**Defendant's name(s), address(es), and telephone no(s).**
Fifth Third Bank, National Association d/b/a "Fifth Third Bancorp"

**Plaintiff's attorney, bar no., address, and telephone no**

Deborah L. Gordon 27058
33 Bloomfield Hills Pkwy Ste 220
Bloomfield Hills, MI 48304-2909

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

## Domestic Relations Case
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

## Civil Case
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☒ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☒ _U.S. District Court, Eastern Dist of MI_ Court,

where it was given case number _22-cv-11435_ and assigned to Judge _Robert Cleland_

The action ☐ remains ☒ is no longer pending.

Summons section completed by court clerk.   **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>8/5/2022 | Expiration date*<br>11/4/2022 | Court clerk<br>John Flanagan |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (9/19)   **SUMMONS**   MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105



| | SUMMONS |
|---|---|
| | Case No.: **22-009346-CZ** |

**PROOF OF SERVICE**

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

| ☐ OFFICER CERTIFICATE | OR | ☐ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult, and I am not a party or an officer of a corporate party (MCR 2.103[A]), and that: (notarization required) |

☐ I served personally a copy of the summons and complaint.

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled $ | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled $ | Fee $ | Total fee $ | Name (type or print) |

Title

Subscribed and sworn to before me on _____, _____ County, Michigan.
Date

My commission expires: _____ Signature: _____
Date                                          Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with **Jury Demand** _____
_____ on **August 8, 2022** Attachments
                                    Day, date, time
_____ on behalf of **Fifth Third Bank, Nat Assoc d/b/a "Fifth Third Bancorp"**
Signature

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

**LIZZIE PUGH**, *an individual,*

    Plaintiff,

v.

Case No: 22-      CZ
Hon.

**FIFTH THIRD BANK, NATIONAL ASSOCIATION d/b/a "Fifth Third Bancorp"**, *a foreign corporation,* **FIFTH THIRD FINANCIAL CORPORATION**, *a foreign corporation,* **OLD KENT MORTGAGE SERVICES, INC.**, *a domestic corporation,*

    Defendants.

---

**DEBORAH GORDON LAW**
Deborah L. Gordon (P27058)
Elizabeth Marzotto Taylor (P82061)
Sarah Gordon Thomas (P83935)
Molly Savage (P84472)
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com
sthomas@deborahgordonlaw.com
msavage@deborahgordonlaw.com

---

A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in the U.S. District Court for the Eastern District of Michigan, where it was given Case Number 22-cv-11433 and was assigned to Judge Robert H. Cleland. The action is no longer pending.

## COMPLAINT

Plaintiff Lizzie Pugh, by and through her attorneys, Deborah Gordon Law, complains against Defendants as follows:

1

## JURISDICTION & VENUE

1. This is an action by Lizzie Pugh against Fifth Third Bank National Association ("Fifth Third") and its subsidiaries for race discrimination in public accommodations in violation of the Elliott-Larsen Civil Rights Act ("ELCRA")

2. Plaintiff Lizzie Pugh ("Plaintiff") is a resident of Michigan and resides in Wayne County.

3. Defendant Fifth Third is a corporation headquartered in Cincinnati, Ohio and incorporated under the laws of the District of Columbia.

4. Defendant Fifth Third Financial Corporation is a subsidiary of Fifth Third and incorporated under the laws of the State of Ohio.

5. Defendant Old Kent Mortgage Services, Inc. is a subsidiary of Fifth Third and incorporated under the laws of the State of Michigan.

6. Venue is proper before this Court pursuant to MCL 37.2801(1) because the conduct violative of ELCRA occurred in Wayne County, Michigan.

## STATEMENT OF FACTS

7. Plaintiff Lizzie Pugh is a 71-year-old Black woman.

8. Ms. Pugh was born and raised in Alabama during the Jim Crow Era.

9. Ms. Pugh moved to Detroit, Michigan in 1971 at the age of 20.

10. She worked for Detroit Public Schools for 36 years until her retirement, and has since served as deacon at her church.

2

11. On Saturday, April 9, 2022, Ms. Pugh traveled with her church group to Soaring Eagle Casino & Resort ("Soaring Eagle") in Mt. Pleasant, Michigan, for a group outing.

12. While at Soaring Eagle, Ms. Pugh won several thousand dollars on a slot machine. Ms. Pugh elected to immediately pay the taxes on her winnings at the casino.

13. Ms. Pugh collected her winnings, less taxes, via check issued by Soaring Eagle and a small amount of cash.

14. On Monday, April 11, 2022, Ms. Pugh went to a Fifth Third branch in Livonia, Michigan to open a savings account and to deposit her winnings into the newly created account.

15. Ms. Pugh did not have an account with Fifth Third prior to April 11, 2022.

16. Upon entering the bank, several bank employees saw Ms. Pugh waiting to be helped but refused to acknowledge or assist her.

17. After waiting several minutes to be helped, a bank employee ("Employee #1") called Ms. Pugh into her office; Ms. Pugh explained that she wanted to open a savings account and deposit a check into the account.

18. Ms. Pugh handed Employee #1 her check from Soaring Eagle Casino.

19. Employee #1 asked Ms. Pugh where she worked.

20. Ms. Pugh explained that she was retired and the check was for money she had won at Soaring Eagle Casino.

21. Employee #1, a white woman, without any investigation, told Ms. Pugh that her check was "fraudulent" and that Fifth Third would not allow her to deposit the check.

22. Employee #1's determination that the check was "fraudulent" was unreasonable and unfounded. The check had no indicia of fraudulent activity.

23. The payor information contains Soaring Eagle's logo and address.

3

24. The payee information contained Ms. Pugh's name and the same home address listed on her driver's license.

25. The check lists the issuing bank's information and the memo line states "SLOT JACKPOT."

26. The check contains a notation which states, "TWO SIGNATURES REQUIRED" and is signed by two payors.

27. Employee #1 refused to give Ms. Pugh her check back and called in another Fifth Third employee ("Employee #2").

28. Employee #2, a white woman, also insisted that the check was fraudulent and refused to give it back to Ms. Pugh.

29. Ms. Pugh asked the employees to call 9-11 because she would not be leaving without her check.

30. Employee #1 and #2 refused and took Ms. Pugh's check to another employee's ("Employee #3", a white woman) office.

31. After several minutes, Ms. Pugh went into Employee #3's office and asked for her check back.

32. Employee #3 told Ms. Pugh that because the check was fraudulent, Fifth Third would not allow Ms. Pugh to open an account and deposit the check.

33. Ms. Pugh would have opened a savings account and deposited her check into the account had Fifth Third not refused to provide banking services to her.

34. The employees eventually gave Ms. Pugh her check back.

35. Ms. Pugh left Fifth Third and went to another bank where she was able to deposit her check.

36. The check cleared the following day without issue.

4

37. Upon information and belief, Defendants have allowed similarly situated persons who are not Black to open savings accounts.

38. Upon information and belief, Defendants have allowed similarly situated persons who are not Black to deposit checks.

## COUNT I
### *Race Discrimination in violation of Michigan's Elliott-Larsen Civil Rights Act*

39. Plaintiff repeats and realleges the foregoing paragraphs as though set forth in full herein.

40. Defendant Fifth Third is a financial institution, and provides a public service, and is a place of public accommodation as defined by Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"), MCL 37.2301 *et seq*.

41. Plaintiff was denied the full and equal enjoyment of Defendants' goods, services, facilities, privileges, advantages, and/or accommodations because of her race.

42. Plaintiff's race the motivating factor in Defendants' decision to treat her less favorably than other individuals, refusal to allow her to open a bank account, refusal to deposit her check, and decision to withhold Plaintiff's check from her.

43. Defendants' actions resulted in discrimination against Plaintiff in the full utilization of or benefit of a financial institution or the services and activities provided by the financial institution because of race.

44. Defendants' actions also resulted in discrimination against Plaintiff in the terms, conditions, and privileges of a financial institution because of race.

45. Defendants' actions further resulted in denying Plaintiff the full and equal enjoyment of the services, facilities, privileges, and advantages of a public accommodation or public service, because of race.

5

46. Defendants, by its agents, representatives, and employees, was predisposed to discriminate on the basis of race, and acted in accordance with that predisposition.

47. Defendants' actions as described above were in deliberate disregard of and with reckless indifference to the rights and sensibilities of Plaintiff.

48. As a direct and proximate result of Defendants' wrongful acts, Plaintiff sustained injuries and damages including, but not limited to, outrage and humiliation, mental anguish, anxiety, physical and emotional distress, and loss of ordinary pleasures of everyday life.

### RELIEF REQUESTED

Plaintiff demands judgment and legal relief against Defendants as follows:

**A.    Legal Relief**

1. Compensatory damages in whatever amount Plaintiff is found to be entitled;

2. Punitive damages in whatever amount Plaintiff is found to be entitled;

3. Liquidated damages in whatever amount Plaintiff is found to be entitled; and

4. An award of interest, costs, reasonable attorney fees, and expert witness fees.

**B.    Declaratory and Equitable Relief**

1. An injunction from this Court prohibiting any further acts of discrimination, intimidation, or retaliation;

2. An award of interest, costs, and reasonable attorney fees; and

3. Whatever other declaratory and/or equitable relief appears appropriate at the time of final judgment.

Dated:  August 5, 2022

Respectfully submitted,
**DEBORAH GORDON LAW**
/s/Deborah L. Gordon (P27058)
Elizabeth Marzotto Taylor (P82061)
Sarah Gordon Thomas (P83935)
Molly Savage (P84472)
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304

6

(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com
sthomas@deborahgordonlaw.com
msavage@deborahgordonlaw.com

7

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

**LIZZIE PUGH**, *an individual*,

    Plaintiff,

v.

Case No: 22-      CZ
Hon.

**FIFTH THIRD BANK, NATIONAL ASSOCIATION d/b/a "Fifth Third Bancorp"**, *a foreign corporation*, **FIFTH THIRD FINANCIAL CORPORATION**, *a foreign corporation*, **OLD KENT MORTGAGE SERVICES, INC.**, *a domestic corporation*,

    Defendants.

---

**DEBORAH GORDON LAW**
Deborah L. Gordon (P27058)
Elizabeth Marzotto Taylor (P82061)
Sarah Gordon Thomas (P83935)
Molly Savage (P84472)
Attorneys for Plaintiff
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com
sthomas@deborahgordonlaw.com
msavage@deborahgordonlaw.com

---

## JURY DEMAND

    Plaintiff Lizzie Pugh, by her attorneys Deborah Gordon Law, hereby demands a trial by jury of all the issues in this cause.

Dated: August 5, 2022

        Respectfully submitted,
        **DEBORAH GORDON LAW**
        /s/Deborah L. Gordon (P27058)
        Elizabeth Marzotto Taylor (P82061)
        Sarah Gordon Thomas (P83935)

1

         Molly Savage (P84472)
         Attorneys for Plaintiff
         33 Bloomfield Hills Parkway, Suite 220
         Bloomfield Hills, Michigan 48304
         (248) 258-2500
         dgordon@deborahgordonlaw.com
         emarzottotaylor@deborahgordonlaw.com
         sthomas@deborahgordonlaw.com
         msavage@deborahgordonlaw.com