# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**LIZZIE PUGH**,

     Plaintiff,

v.

**FIFTH THIRD BANK, NATIONAL ASSOCIATION d/b/a Fifth Third Bancorp; FIFTH THIRD FINANCIAL CORPORATION; and OLD KENT MORTGAGE SERVICES, INC.,**

     Defendants.

Case No. 2:22-cv-12028-SFC-CI
District Judge Sean F. Cox
Magistrate Judge Curtis Ivy, Jr.

---

**DEBORAH GORDON LAW**
Deborah L. Gordon (P27058)
Elizabeth Marzotto Taylor (P82061)
Sarah Gordon Thomas (P83935)
Molly Savage (P84472)
*Attorneys for Plaintiff*
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com
sthomas@deborahgordonlaw.com
masavage@deborahgordonlaw.com

**DINSMORE & SHOHL LLP**
J. Travis Mihelick (P73050)
*Attorneys for Defendants*
900 Wilshire Dr., Ste. 300
Troy, MI 48084
T: (248) 647-6000
F: (248) 647-5210
Travis.mihelick@dinsmore.com

Katherine A. Rasmussen (P83661)
255 E. Fifth Street, Ste. 1900
Cincinnati, OH 45202
T: (614) 628-6982
F: (513) 977-8141
Katherine.rasmussen@dinsmore.com

---

## DEFENDANTS FIFTH THIRD BANK, N.A. AND FIFTH THIRD FINANCIAL CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT

NOW COMES Defendants FIFTH THIRD BANK, N.A. improperly designated as d/b/a FIFTH THIRD BANCORP[1] and FIFTH THIRD FINANCIAL CORPORATION (collectively, "Fifth Third")[2] by and through their attorneys, DINSMORE & SHOHL LLP, and for their answer to Plaintiff's Complaint states as follows:

### JURISDICTION & VENUE

1.     This is an action by Lizzie Pugh against Fifth Third Bank National Association ("Fifth Third") and its subsidiaries for race discrimination in public accommodations in violation of the Elliott-Larsen Civil Rights Act ("ELCRA").

**ANSWER: Fifth Third states that paragraph 1 of the Complaint contains introductory statements to which no response is required.  To the extent a response is required, Fifth Third denies that any events occurred which would substantiate Plaintiff's claims against Fifth Third or entitle Plaintiff to any damages or other relief.**

---

[1] Fifth Third Bank, N.A. and Fifth Third Bancorp are separate legal entities. Further, for the reasons in the contemporaneously filed Motion to Dismiss Party Pursuant to Rule 21, Old Kent Mortgage Services, Inc., is a fraudulently named party and should be dismissed.
[2] Although Fifth Third Bank, N.A., maintains that Fifth Third Financial Corporation is inappropriately named, this answer is on behalf of Fifth Third Bank, N.A. and Fifth Third Financial Corporation, collectively.

2.      Plaintiff Lizzie Pugh ("Plaintiff") is a resident of Michigan and resides in Wayne County.

**ANSWER: Fifth Third neither admits nor denies the allegations contained in Paragraph 2 of the Complaint for lack of knowledge upon which to form a belief as to the allegations asserted.**

3.      Defendant Fifth Third is a corporation headquartered in Cincinnati, Ohio and incorporated under the laws of the District of Columbia.

**ANSWER: Fifth Third admits only that it is a national banking association, organized under the laws and regulations of the United States, which is headquartered and with its main office in Cincinnati, Ohio. Any remaining allegations are denied as untrue.**

4.      Defendant Fifth Third Financial Corporation is a subsidiary of Fifth Third and incorporated under the laws of the State of Ohio.

**ANSWER: Fifth Third denies that Fifth Third Financial Corporation is a subsidiary of Fifth Third Bank, N.A.**

5.      Defendant Old Kent Mortgage Services, Inc. is a subsidiary of Fifth Third and incorporated under the laws of the State of Michigan.

**ANSWER: Fifth Third admits only that Old Kent Mortgage Services, Inc. is a wholly-owned subsidiary of Fifth Third and incorporated under the laws of the State of Michigan. Any remaining allegations are denied as untrue.**

6. Venue is proper before this Court pursuant to MCL 37.2801(1) because the conduct violative of ELCRA occurred in Wayne County, Michigan.

**ANSWER: Fifth Third states that paragraph 6 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Fifth Third does not contest that the United States District Court for the Eastern District of Michigan is the proper for this action, only. In further response, Fifth Third denies any wrongdoing and denies that any events occurred which would substantiate Plaintiff's claims against Fifth Third or entitle Plaintiff to any damages or other relief.**

## STATEMENT OF FACTS

7. Plaintiff Lizzie Pugh is a 71-year-old Black woman.

**ANSWER: Fifth Third neither admits nor denies the allegations contained in Paragraph 7 of the Complaint for lack of knowledge upon which to form a belief as to the allegations asserted.**

8. Ms. Pugh was born and raised in Alabama during the Jim Crow Era.

**ANSWER: Fifth Third neither admits nor denies the allegations contained in Paragraph 8 of the Complaint for lack of knowledge upon which to form a belief as to the allegations asserted.**

9. Ms. Pugh moved to Detroit, Michigan in 1971 at the age of 20.

**ANSWER: Fifth Third neither admits nor denies the allegations contained in Paragraph 9 of the Complaint for lack of knowledge upon which to form a belief as to the allegations asserted.**

10.    She worked for Detroit Public Schools for 36 years until her retirement, and has since served as deacon at her church.

**ANSWER: Fifth Third neither admits nor denies the allegations contained in Paragraph 10 of the Complaint for lack of knowledge upon which to form a belief as to the allegations asserted.**

11.    On Saturday, April 9, 2022, Ms. Pugh traveled with her church group to Soaring Eagle Casino & Resort ("Soaring Eagle") in Mt. Pleasant, Michigan, for a group outing.

**ANSWER: Fifth Third neither admits nor denies the allegations contained in Paragraph 11 of the Complaint for lack of knowledge upon which to form a belief as to the allegations asserted.**

12.    While at Soaring Eagle, Ms. Pugh won several thousand dollars on a slot machine. Ms. Pugh elected to immediately pay the taxes on her winnings at the casino.

**ANSWER: Fifth Third neither admits nor denies the allegations contained in Paragraph 12 of the Complaint for lack of knowledge upon which to form a belief as to the allegations asserted.**

13. Ms. Pugh collected her winnings, less taxes, via check issued by Soaring Eagle and a small amount of cash.

**ANSWER: Fifth Third neither admits nor denies the allegations contained in Paragraph 13 of the Complaint for lack of knowledge upon which to form a belief as to the allegations asserted.**

14. On Monday, April 11, 2022, Ms. Pugh went to a Fifth Third branch in Livonia, Michigan to open a savings account and to deposit her winnings into the newly created account.

**ANSWER: In response to Paragraph 14 of the Complaint, Fifth Third admits only that Plaintiff visited a Fifth Third branch in Livonia, Michigan on Monday, April 11, 2022. Fifth Third neither admits nor denies the remaining allegations contained in Paragraph 14 of the Complaint for lack of knowledge upon which to form a belief as to the allegations asserted.**

15. Ms. Pugh did not have an account with Fifth Third prior to April 11, 2022.

**ANSWER: Fifth Third admits the allegations contained in Paragraph 15 of the Complaint.**

16. Upon entering the bank, several bank employees saw Ms. Pugh waiting to be helped but refused to acknowledge or assist her.

**ANSWER: Fifth Third denies the allegations contained in Paragraph 16 of the Complaint.**

17.     After waiting several minutes to be helped, a bank employee ("Employee #1") called Ms. Pugh into her office; Ms. Pugh explained that she wanted to open a savings account and deposit a check into the account.

**ANSWER: In response to Paragraph 17 of the Complaint, Fifth Third admits that Plaintiff was assisted by a Fifth Third employee in her office and expressed interest in opening a savings account and depositing a check. Fifth Third denies that Plaintiff waited any unreasonable amount of time. Finally, Fifth Third neither admits nor denies the remaining allegations contained in Paragraph 17 of the Complaint for lack of knowledge upon which to form a belief as to the allegations asserted.**

18.     Ms. Pugh handed Employee #1 her check from Soaring Eagle Casino.

**ANSWER: Without identification of "Employee #1", Fifth Third lacks the information and knowledge upon which to form a belief as to the allegations asserted, and thus neither admits nor denies the allegations contained in Paragraph 18 of the Complaint. To the extent there are any allegations of wrongdoing, such allegations are denied as untrue.**

19.     Employee #1 asked Ms. Pugh where she worked.

**ANSWER: Without identification of "Employee #1", Fifth Third lacks the information and knowledge upon which to form a belief as to the allegations asserted, and thus neither admits nor denies the allegations contained in**

**Paragraph 19 of the Complaint. To the extent there are any allegations of wrongdoing, such allegations are denied as untrue.**

20. Ms. Pugh explained that she was retired and the check was for money she had won at Soaring Eagle Casino.

**ANSWER: Fifth Third neither admits nor denies the allegations contained in Paragraph 20 of the Complaint for lack of knowledge upon which to form a belief as to the allegations asserted.**

21. Employee #1, a white woman, without any investigation, told Ms. Pugh that her check was "fraudulent" and that Fifth Third would not allow her to deposit the check.

**ANSWER: Without identification of "Employee #1", Fifth Third lacks the information and knowledge upon which to form a belief as to the allegations asserted, and thus neither admits nor denies the allegations contained in Paragraph 19 of the Complaint. To the extent there are any allegations of wrongdoing, such allegations are denied as untrue.**

22. Employee #1's determination that the check was "fraudulent" was unreasonable and unfounded. The check had no indicia of fraudulent activity.

**ANSWER: Fifth Third denies the allegations contained in Paragraph 22 of the Complaint. In further response, Fifth Third specifically denies that "Employee #1" made a "determination that the check was 'fraudulent'" as**

alleged, and denies that any events occurred which would substantiate Plaintiff's claims against Fifth Third.

23.     The payor information contains Soaring Eagle's logo and address.

**ANSWER: Fifth Third neither admits nor denies the allegations contained in Paragraph 23 of the Complaint for lack of knowledge upon which to form a belief as to the allegations asserted. Further, Fifth Third states that Plaintiff failed to attach a copy of the check to the Complaint, which is the best evidence of this allegation. To the extent these allegations and inconsistent with the true copy of the check, they are denied as untrue.**

24.     The payee information contained Ms. Pugh's name and the same home address listed on her driver's license.

**ANSWER: Fifth Third neither admits nor denies the allegations contained in Paragraph 24 of the Complaint for lack of knowledge upon which to form a belief as to the allegations asserted. Further, Fifth Third states that Plaintiff failed to attach a copy of the check to the Complaint, which is the best evidence of this allegation. To the extent these allegations and inconsistent with the true copy of the check, they are denied as untrue.**

25.     The check lists the issuing bank's information and the memo line states "SLOT JACKPOT."

**ANSWER: Fifth Third neither admits nor denies the allegations contained in Paragraph 25 of the Complaint for lack of knowledge upon which to form a belief as to the allegations asserted. Further, Fifth Third states that Plaintiff failed to attach a copy of the check to the Complaint, which is the best evidence of this allegation. To the extent these allegations and inconsistent with the true copy of the check, they are denied as untrue.**

26.    The check contains a notation which states, "TWO SIGNATURES REQUIRED" and is signed by two payors.

**ANSWER: Fifth Third neither admits nor denies the allegations contained in Paragraph 26 of the Complaint for lack of knowledge upon which to form a belief as to the allegations asserted. Further, Fifth Third states that Plaintiff failed to attach a copy of the check to the Complaint, which is the best evidence of this allegation. To the extent these allegations and inconsistent with the true copy of the check, they are denied as untrue.**

27.    Employee #1 refused to give Ms. Pugh her check back and called in another Fifth Third employee ("Employee #2").

**ANSWER: Without identification of "Employee #1" or "Employee 2", Fifth Third lacks the information and knowledge upon which to form a belief as to the allegations asserted, and thus neither admits nor denies the allegations contained**

in Paragraph 27 of the Complaint. To the extent there are any allegations of wrongdoing, such allegations are denied as untrue.

28.     Employee #2, a white woman, also insisted that the check was fraudulent and refused to give it back to Ms. Pugh.

**ANSWER: Without identification of "Employee #2", Fifth Third lacks the information and knowledge upon which to form a belief as to the allegations asserted, and thus neither admits nor denies the allegations contained in Paragraph 28 of the Complaint. To the extent there are any allegations of wrongdoing, such allegations are denied as untrue.**

29.     Ms. Pugh asked the employees to call 9-11 because she would not be leaving without her check.

**ANSWER: Fifth Third neither admits nor denies the allegations contained in Paragraph 29 of the Complaint for lack of knowledge upon which to form a belief as to the allegations asserted. To the extent there are any allegations of wrongdoing, such allegations are denied as untrue.**

30.     Employee #1 and #2 refused and took Ms. Pugh's check to another employee's ("Employee #3", a white woman) office.

**ANSWER: Without identification of "Employee #1", "Employee 2," or "Employee 3," Fifth Third lacks the information and knowledge upon which to form a belief as to the allegations asserted, and thus neither admits nor denies the**

allegations contained in Paragraph 30 of the Complaint. To the extent there are

any allegations of wrongdoing, such allegations are denied as untrue.

31.    After several minutes, Ms. Pugh went into Employee #3's office and

asked for her check back.

**ANSWER: Without identification of "Employee #3", Fifth Third lacks the**

**information and knowledge upon which to form a belief as to the allegations**

**asserted, and thus neither admits nor denies the allegations contained in**

**Paragraph 31 of the Complaint. To the extent there are any allegations of**

**wrongdoing, such allegations are denied as untrue.**

32.    Employee #3 told Ms. Pugh that because the check was fraudulent, Fifth

Third would not allow Ms. Pugh to open an account and deposit the check.

**ANSWER: Fifth Third denies the allegations contained in Paragraph 32 of**

**the Complaint.**

33.    Ms. Pugh would have opened a savings account and deposited her check

into the account had Fifth Third not refused to provide banking services to her.

**ANSWER: Fifth Third neither admits nor denies the allegations contained**

**in Paragraph 33 of the Complaint for lack of knowledge upon which to form a**

**belief as to the allegations asserted. In further response, Fifth Third denies any**

**wrongdoing and denies that any events occurred which would substantiate**

**Plaintiff's claims against Fifth Third or entitle Plaintiff to any damages or other relief.**

34. The employees eventually gave Ms. Pugh her check back.

**ANSWER: In response to Paragraph 34 of the Complaint, Fifth Third admits only that the check was returned to Ms. Pugh at her request. Fifth Third denies any remaining allegations contained in Paragraph 34 of the Complaint.**

35. Ms. Pugh left Fifth Third and went to another bank where she was able to deposit her check.

**ANSWER: Fifth Third neither admits nor denies the allegations contained in Paragraph 35 of the Complaint for lack of knowledge upon which to form a belief as to the allegations asserted.**

36. The check cleared the following day without issue.

**ANSWER: Fifth Third neither admits nor denies the allegations contained in Paragraph 36 of the Complaint for lack of knowledge upon which to form a belief as to the allegations asserted.**

37. Upon information and belief, Defendants have allowed similarly situated persons who are not Black to open savings accounts.

**ANSWER: Fifth Third denies the allegations contained in Paragraph 37 of the Complaint, as they are deliberately vague and misleading. In further response, Fifth Third denies any wrongdoing and denies that any events occurred which**

13

would substantiate Plaintiff's claims against Fifth Third or entitle Plaintiff to any damages or other relief.

38.     Upon information and belief, Defendants have allowed similarly situated persons who are not Black to deposit checks.

**ANSWER: Fifth Third denies the allegations contained in Paragraph 38 of the Complaint, as they are deliberately vague and misleading. In further response, Fifth Third denies any wrongdoing and denies that any events occurred which would substantiate Plaintiff's claims against Fifth Third or entitle Plaintiff to any damages or other relief.**

<u>**COUNT I**</u>
*Race Discrimination in violation of Michigan's Elliott-Larsen Civil Rights Act*

39.     Plaintiff repeats and realleges the foregoing paragraphs as though set forth in full herein.

**ANSWER: Fifth Third incorporates its response to all prior paragraphs herein.**

40.     Defendant Fifth Third is a financial institution, and provides a public service, and is a place of public accommodation as defined by Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"), MCL 37.2301 *et seq.*

**ANSWER: Fifth Third states that paragraph 40 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Fifth Third denies the allegations contained in Paragraph 40 of the**

**Complaint. In further response, Fifth Third denies that any events occurred which would substantiate Plaintiff's claims against Fifth Third or entitle Plaintiff to any damages or other relief.**

41.    Plaintiff was denied the full and equal enjoyment of Defendants' goods, services, facilities, privileges, advantages, and/or accommodations because of her race.

**ANSWER: Fifth Third denies the allegations contained in Paragraph 41 of the Complaint. In further response, Fifth Third denies any wrongdoing, and denies that any events occurred which would substantiate Plaintiff's claims against Fifth Third or entitle Plaintiff to any damages or other relief.**

42.    Plaintiff's race [sic] the motivating factor in Defendants' decision to treat her less favorably than other individuals, refusal to allow her to open a bank account, refusal to deposit her check, and decision to withhold Plaintiff's check from her.

**ANSWER: Fifth Third denies the allegations contained in Paragraph 42 of the Complaint. In further response, Fifth Third denies any wrongdoing, and denies that any events occurred which would substantiate Plaintiff's claims against Fifth Third or entitle Plaintiff to any damages or other relief.**

43.    Defendants' actions resulted in discrimination against Plaintiff in the full utilization of or benefit of a financial institution or the services and activities provided by the financial institution because of race.

**ANSWER: Fifth Third denies the allegations contained in Paragraph 43 of the Complaint. In further response, Fifth Third denies any wrongdoing, and denies that any events occurred which would substantiate Plaintiff's claims against Fifth Third or entitle Plaintiff to any damages or other relief.**

44.     Defendants' actions also resulted in discrimination against Plaintiff in the terms, conditions, and privileges of a financial institution because of race.

**ANSWER: Fifth Third denies the allegations contained in Paragraph 44 of the Complaint. In further response, Fifth Third denies any wrongdoing, and denies that any events occurred which would substantiate Plaintiff's claims against Fifth Third or entitle Plaintiff to any damages or other relief.**

45.     Defendants' actions further resulted in denying Plaintiff the full and equal enjoyment of the services, facilities, privileges, and advantages of a public accommodation or public service, because of race.

**ANSWER: Fifth Third denies the allegations contained in Paragraph 45 of the Complaint. In further response, Fifth Third denies any wrongdoing, and denies that any events occurred which would substantiate Plaintiff's claims against Fifth Third or entitle Plaintiff to any damages or other relief.**

46.     Defendants, by its agents, representatives, and employees, was [sic] predisposed to discriminate on the basis of race, and acted in accordance with that predisposition.

**ANSWER: Fifth Third denies the allegations contained in Paragraph 46 of the Complaint. In further response, Fifth Third denies any wrongdoing, and denies that any events occurred which would substantiate Plaintiff's claims against Fifth Third or entitle Plaintiff to any damages or other relief.**

47.     Defendants' actions as described above were in deliberate disregard of and with reckless indifference to the rights and sensibilities of Plaintiff.

**ANSWER: Fifth Third denies the allegations contained in Paragraph 47 of the Complaint. In further response, Fifth Third denies any wrongdoing, and denies that any events occurred which would substantiate Plaintiff's claims against Fifth Third or entitle Plaintiff to any damages or other relief.**

48.     As a direct and proximate result of Defendants' wrongful acts, Plaintiff sustained injuries and damages including, but not limited to, outrage and humiliation, mental anguish, anxiety, physical and emotional distress, and loss of ordinary pleasures of everyday life.

**ANSWER: Fifth Third denies the allegations contained in Paragraph 48 of the Complaint. In further response, Fifth Third denies any wrongdoing, and denies that any events occurred which would substantiate Plaintiff's claims against Fifth Third or entitle Plaintiff to any damages or other relief.**

**Except as specifically admitted herein, Fifth Third denies all allegations of the Complaint, including demands and prayers for relief, and demands strict proof thereof.**

WHEREFORE, Fifth Third respectfully requests that this Court enter an order dismissing Plaintiff's case in its entirety and awarding Fifth Third costs, interest, attorney fees, and any other relief that is warranted under the circumstances.

Dated:          September 6, 2022          Respectfully submitted,


/s/  *J. Travis Mihelick*
Travis Mihelick (P73050)
*Attorneys for Defendant*
900 Wilshire Drive, Suite 300
Troy, Michigan 48084
(248) 203-1655 / (248) 647-5210 (fax)
Travis.mihelick@dinsmore.com

Katherine A. Rasmussen (P83661)
255 E. Fifth Street, Ste. 1900
Cincinnati, OH 45202
(614) 628-6982/ (513) 977-8141 (fax)
Katherine.rasmussen@dinsmore.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**LIZZIE PUGH**,

      Plaintiff,

v.

**FIFTH THIRD BANK, NATIONAL**
**ASSOCIATION d/b/a Fifth Third**
**Bancorp; FIFTH THIRD**
**FINANCIAL CORPORATION; and**
**OLD KENT MORTGAGE**
**SERVICES, INC.,**

      Defendants.

Case No. 2:22-cv-12028-SFC-CI
District Judge Sean F. Cox
Magistrate Judge Curtis Ivy, Jr.

_____

## <u>AFFIRMATIVE AND/OR SPECIAL DEFENSES</u>

NOW COMES, FIFTH THIRD BANK, N.A. improperly designated as d/b/a FIFTH THIRD BANCORP and FIFTH THIRD FINANCIAL CORPORATION (collectively, "Fifth Third"), by and through its attorneys, DINSMORE & SHOHL LLP, and for its Affirmative Defenses, states as follows:

1.     The Complaint fails to state a claim against Fifth Third for which relief can be granted.

2.     There are no genuine issues as to any material fact and, therefore, Fifth Third is entitled to summary judgment as a matter of law.

3.     Plaintiff's claims are barred, in whole or in part, because Fifth Third acted lawfully and in good faith at all times relevant hereto, and has not violated any statutory or legal right to Plaintiff.

4.     Fifth Third acted at all times within the bounds of good faith and for legitimate, non-discriminatory, non-retaliatory business reasons.

5.     To the extent that any adverse treatment of Plaintiff occurred (which Fifth Third denies), the same action would have been taken in the absence of any unlawful motivating factor.

6.     Plaintiff's injuries and/or damages and/or expenses, if any, were the direct and proximate result of her own misconduct, acts, omissions, negligence, and/or fault.

7.     Plaintiff's claims are barred because Fifth Third did not act arbitrarily, capriciously, or in bad faith.

8.     Fifth Third will show that it was guided by and strictly observed all legal duties and obligations imposed by law or otherwise, and further, that all actions of any of Fifth Third's agents, servants, employees, or associates were careful, prudent, proper and lawful.

9.     Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

10.     Plaintiff's claims of damages or liability are barred in whole or in part by her failure to mitigate such damages.

11.     At all relevant times, Fifth Third complied with the requirements of the Elliott-Larsen Civil Rights Act ("ELCRA").

12.     At all relevant times, Fifth Third had a good faith belief that it was in compliance with the requirements of the ELCRA.

13.     The actions alleged by Plaintiff to have taken place, which Fifth Third denies, were not severe or pervasive enough to rise to the level of a cause of action against Fifth Third.

14.     Fifth Third denies each and every allegation not specifically admitted herein.

15.     Plaintiff's claims may be barred by the statute of limitations, latches, or other applicable statutes and rules.

16.     The alleged acts or omissions of Fifth Third were not a proximate cause of any damage or injury to Plaintiff.

17.     Plaintiff has waived her right to a jury trial.

18.     Plaintiff has not demonstrated, and cannot demonstrate, facts sufficient to state a claim for race discrimination.

19.     Plaintiff has not demonstrated, and cannot demonstrate, facts sufficient to warrant compensatory, punitive, or exemplary damages.

20. Plaintiff's claims are frivolous, unreasonable, and groundless, and, accordingly, Fifth Third is entitled to recover all costs and attorneys' fees incurred herein.

21. Fifth Third reserves the right to amend its answer and affirmative defenses to add additional or other affirmative defenses or to delete or withdraw affirmative defenses or to add counterclaims and/or crossclaims as may be necessary after reasonable opportunity for appropriate discovery.

Dated: September 6, 2022 Respectfully submitted,

/s/ *J. Travis Mihelick*
Travis Mihelick (P73050)
*Attorneys for Defendant*
900 Wilshire Drive, Suite 300
Troy, Michigan 48084
(248) 203-1655 / (248) 647-5210 (fax)
Travis.mihelick@dinsmore.com

Katherine A. Rasmussen (P83661)
255 E. Fifth Street, Ste. 1900
Cincinnati, OH 45202
(614) 628-6982/ (513) 977-8141 (fax)
Katherine.rasmussen@dinsmore.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on ***September 6, 2022***, I electronically filed the foregoing instrument with the Clerk of the Court using the ECF system and that a copy was electronically served on all counsel of record via the ECF system, and to any counsel not registered to receive electronic copies from the court, by enclosing same in a sealed envelope with first class postage fully prepaid, addressed to the above, and depositing said envelope and its contents in a receptacle for the U.S. mail.

/s/ *J. Travis Mihelick*
J. Travis Mihelick (P73050)