## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**LIZZIE PUGH**, *an individual,*

    Plaintiff,

v.

**FIFTH THIRD BANK, NATIONAL ASSOCIATION d/b/a "Fifth Third Bancorp,"** *a foreign corporation*, **FIFTH THIRD FINANCIAL CORPORATION,** *a foreign corporation*, **OLD KENT MORTGAGE SERVICES, INC.**, *a domestic corporation*,

    Defendants.

Case No. 2:22-cv-12028-SFC-CI
District Judge Sean F. Cox
Magistrate Judge Curtis Ivy, Jr.

___

**DEBORAH GORDON LAW**
Deborah L. Gordon (P27058)
Elizabeth Marzotto Taylor (P82061)
Sarah Gordon Thomas (P83935)
Molly Savage (P84472)
*Attorneys for Plaintiff*
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com
sthomas@deborahgordonlaw.com
masavage@deborahgordonlaw.com

**DINSMORE & SHOHL LLP**
J. Travis Mihelick (P73050)
*Attorneys for Defendants*
900 Wilshire Dr., Ste. 300
Troy, MI 48084
T: (248) 647-6000
F: (248) 647-5210
Travis.mihelick@dinsmore.com

Katherine A. Rasmussen (P83661)
255 E. Fifth Street, Ste. 1900
Cincinnati, OH 45202
T: (614) 628-6982
F: (513) 977-8141
Katherine.rasmussen@dinsmore.com

___

# DEFENDANTS' CORRECTED[1] MOTION TO DISMISS OLD KENT MORTGAGE SERVICES AS A FRAUDULENTLY JOINED PARTY

Pursuant to Fed. R. Civ. P. 21, Defendants move to dismiss Old Kent Mortgage Services, Inc. ("OKMS") as a party to this matter. Plaintiff fraudulently joined OKMS to defeat diversity jurisdiction. Plaintiff has no colorable claims against OKMS because OKMS is a non-banking entity that has not operated since at least 2005, and had no interaction with Plaintiff or involvement in the banking transaction at issue in this case. Moreover, Plaintiff has failed to assert a single particularized allegation against OKMS in the Complaint and, as such, has not (and cannot possibly) state a plausible claim for relief against OKMS under Michigan's Elliott-Larsen Civil Rights Act. The grounds for this Motion are more fully set forth in OKMS's Memorandum in Support, which is filed herewith.

Date: September 7, 2022    /s/  *J. Travis Mihelick*
                           Travis Mihelick (P73050)
                           *Attorneys for Defendant/Counter-Claimant*
                           900 Wilshire Drive, Suite 300
                           Troy, Michigan 48084
                           (248) 203-1655 / (248) 647-5210 (fax)
                           Travis.mihelick@dinsmore.com

                           Katherine A. Rasmussen (P83661)
                           255 E. Fifth Street, Ste. 1900
                           Cincinnati, OH 45202
                           (614) 628-6982/ (513) 977-8141 (fax)
                           Katherine.rasmussen@dinsmore.com

---

[1] This corrected brief is being filed in order to re-insert the Table of Contents, Table of Authorities and Statement of Issues Presented, which were inadvertently omitted. The Memorandum in Support remains unchanged.

# **TABLE OF CONTENTS**

**STATEMENT OF ISSUES PRESENTED** .................................................................................. ii

**CONTROLLING OR MOST APPROPRIATE AUTHORITY** ............................................... iii

**INTRODUCTION** ........................................................................................................................ 2

    A.    **Background Concerning Fraudulently Joined Defendant, OKMS.** ........................ 2

    B.    **Complaint and Procedural History** ........................................................................ 4

**LEGAL STANDARD** ................................................................................................................. 6

**ARGUMENT** ............................................................................................................................... 7

**CONCLUSION** .......................................................................................................................... 10

## STATEMENT OF ISSUES PRESENTED

I. Should Old Kent Mortgage Services Inc. ("OKMS") be Dismissed as a Party Where it was Fraudulently Joined to Defeat Diversity Jurisdiction.

Defendant: **Yes**
Plaintiff's: **No**

# **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

**Cases**

*Aetna Cas. & Sur. Co. v. Dow Chemical Co.*,
   44 F.Supp.2d 870, 877 (E.D.Mich. 1999)..........................................................9

*Alexander v. Elec. Data Sys. Corp.*,
   13 F.3d 940, 949 (6th Cir. 1994)......................................................................7

*Casias v. Wal-Mart Stores, Inc.*,
   695 F.3d 428, 433 (6th Cir. 2012).................................................................7, 8

*Chambers v. HSBC Bank*,
   2013 U.S. Dist. LEXIS 200502, *3 (E.D. Mich. Dec. 19, 2013)....................8

*Feller v. Medical Protective Co.*,
   2014 U.S. Dist. LEXIS 13435, Case 13-14193, *13-14 (E.D. Mich. Feb. 4, 2014) ...............................................................................................................10

*Peguese v. PNC Bank, N.A.*,
   306 F.R.D. 540, 546 (E.D. Mich. May 6, 2015) .............................................6

*Probus v. Charter Comm., LLC*,
   234 Fed. App'x 404, 407................................................................................8

*RMI Titanium Co. v. Westinghouse Elec. Corp.*,
   78 F.3d 1125, 1135 (6th Cir. 1996).................................................................7

*Saginaw Hous. Comm'n v. Bannum, Inc.*,
   576 F.3d 620, 624 (6th Cir. 2009)...................................................................7

*Seasword v Hilti, Inc*,
   449 Mich. 542, 547 (1995) ...............................................................................9

*Soberay Mach. and Equip. Co. v. MRF Ltd., Inc.*,
   181 F.3d 759, 763 (6th Cir.1999)......................................................................6

*Thomas v. Dollar Gen. Corp.*,
   No. 337013, 2018 WL 1343042, at *4-5 (Mich. Ct. App. March 15, 2018)..9

*Walker v. Philip Morris USA, Inc.*,
   443 Fed. Appx. 946, 951 (6th Cir. 2011) .........................................................7

## Other Authorities

Michigan's Elliott-Larsen Civil Rights Act .............................................................2, 4

## Rules

Fed. R. Civ. P. 19(a)..................................................................................................7
Fed. R. Civ. P. 21 ..................................................................................................2, 6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**LIZZIE PUGH**, *an individual*,

    Plaintiff,

v.

**FIFTH THIRD BANK, NATIONAL ASSOCIATION d/b/a "Fifth Third Bancorp,"** *a foreign corporation*, **FIFTH THIRD FINANCIAL CORPORATION,** *a foreign corporation*, **OLD KENT MORTGAGE SERVICES, INC.**, *a domestic corporation*,

    Defendants.

Case No. 2:22-cv-12028-SFC-CI
District Judge Sean F. Cox
Magistrate Judge Curtis Ivy, Jr.

___

**DEBORAH GORDON LAW**
Deborah L. Gordon (P27058)
Elizabeth Marzotto Taylor (P82061)
Sarah Gordon Thomas (P83935)
Molly Savage (P84472)
*Attorneys for Plaintiff*
33 Bloomfield Hills Parkway, Suite 220
Bloomfield Hills, Michigan 48304
(248) 258-2500
dgordon@deborahgordonlaw.com
emarzottotaylor@deborahgordonlaw.com
sthomas@deborahgordonlaw.com
masavage@deborahgordonlaw.com

**DINSMORE & SHOHL LLP**
J. Travis Mihelick (P73050)
*Attorneys for Defendants*
900 Wilshire Dr., Ste. 300
Troy, MI 48084
T: (248) 647-6000
F: (248) 647-5210
Travis.mihelick@dinsmore.com

Katherine A. Rasmussen (P83661)
255 E. Fifth Street, Ste. 1900
Cincinnati, OH 45202
T: (614) 628-6982
F: (513) 977-8141
Katherine.rasmussen@dinsmore.com

___

1

# DEFENDANTS' MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS OLD KENT MORTGAGE SERVICES AS A FRAUDULENTLY JOINED PARTY

## INTRODUCTION

Plaintiff Lizzie Pugh ("Plaintiff") fraudulently joined Defendant Old Kent Mortgage Services, Inc. ("OKMS") in this action to defeat diversity jurisdiction. Plaintiff has no colorable claims against OKMS because OKMS is a non-banking entity that has not had any operations since at least 2005, and serves only as a holding company for third-party entity, Fifth Third Mortgage-MI, LLC (FTMM"). Neither OKMS nor FTMM are banking entities; they have never held, operated, or administered either deposit accounts or savings accounts, and have absolutely no relevance to the allegations in Plaintiff's Complaint - as evidenced by Plaintiff's failure to assert a single allegation directly against OKMS. Because OKMS was fraudulently joined and Plaintiff has not (and cannot) state any viable cause of action against it, OKMS should be dismissed from the lawsuit.

## BACKGROUND

**A.   Background Concerning Fraudulently Joined Defendant, OKMS.**

OKMS is a wholly-owned subsidiary of Fifth Third Bank, N.A. ("Fifth Third"), and has been since Fifth Third merged with Old Kent in 2001. *See* Defendants' Notice of Removal ("Notice of Removal"), ECF No. 1, Ex. B, Affidavit of Al Cliffel ("Cliffel Aff.") ¶ 5, ECF No. 1-2. OKMS has no employees

and has not had any operations since 2005; it presently serves only as a holding company for third-party Fifth Third Mortgage-MI, LLC ("FTTM"). *Id.* at ¶¶ 6-7. FTMM is a former mortgage-origination company which owns a small portfolio of commercial and residential loans, but, like OKMS, is a non-banking entity. *Id.* at ¶¶ 8-9. Importantly, neither OKMS nor FTMM has ever held, operated, or administered either deposit accounts or savings accounts. *Id.* at ¶ 9. To that end, OKMS is wholly unrelated to Fifth Third's retail banking services and its provision of consumer banking services to customers at local branches in Michigan, like Plaintiff. *Id.* at ¶ 11.

Needless to say, OKMS was never involved in the banking transaction at issue in Plaintiff's Complaint. *See Id.* at ¶¶ 16-17. Indeed, it could not possibly have been involved in the transaction, as OKMS: (1) does not have any employees, operations, administration, or processes related to deposit or savings accounts or their servicing; (2) never had any employees, operations, administration, or processes related to deposit or savings accounts or their servicing; and (3) did not own either the land or the building at issue in this transaction. *Id.* at ¶¶ 14-15. As such, it is indisputable that OKMS never had any role or involvement in the transaction at issue in Plaintiff's Complaint and only remains a defendant in this case for the purpose of defeating diversity.

3

### B. Complaint and Procedural History

Plaintiff filed her Complaint against Defendants Fifth Third Bank, N.A., Fifth Third Financial Corporation (together, "Fifth Third"), and OKMS (collectively, "Defendants") in the Circuit Court of Wayne County, Michigan on August 5, 2022. *See generally* Notice of Removal, Ex. A, Complaint ("Compl."). Plaintiff's Complaint asserts a single cause of action against all Defendants for alleged violations of Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"). *See id.* Plaintiff alleges Defendants violated the Elliott-Larsen Civil Rights Act when employees at a local Fifth Third Branch in Livonia, Michigan refused to allow Plaintiff to deposit a check she received from the casino on April 11, 2022. *See* Notice of Removal, Ex. A, Compl. ¶ 32.

More specifically, Plaintiff alleges that she "went to a **Fifth Third branch** in Livonia, Michigan to open a savings account and to deposit her [check] into the newly created account." *Id.* at ¶ 14 (emphasis added). She took issue with the alleged treatment by bank employees throughout the transaction, claiming employees: "refused to acknowledge or assist her" (*Id.* at ¶ 16); "told [her] that her check was 'fraudulent' and that **Fifth Third** would not allow her to deposit the check" (*Id.* at ¶ 21) (emphasis added); refused to give [her] the check back and called in another **Fifth Third employee** (*Id.* at ¶ 27) (emphasis added); and, ultimately, "told [her]

4

that because the check was fraudulent, **Fifth Third** would not allow Ms. Pugh to open an account and deposit the check." (*Id.* at ¶ 32) (emphasis added).

The crux of Plaintiff's Complaint is that she "would have opened a savings account and deposited her check into the account had Fifth Third not refused to provide banking services to her." *Id.* at ¶ 33. Plaintiff claims that by allegedly refusing to deposit the check, Fifth Third denied Plaintiff her full and equal enjoyment of Fifth Third's financial services in violation of the ELCRA. *Id.* at ¶¶ 41-43. As a basis for asserting a claim under the ELCRA, Plaintiff further alleges "Defendant Fifth Third is a financial institution, and provides a public service, and is a place of public accommodation as defined by [the ELCRA]." *Id.* at ¶ 40. Importantly, not a single factual or legal allegation of Plaintiff's Complaint is directed at or concerns OKMS. *See generally* Notice of Removal, Ex. A, Compl. Instead, every allegation of Plaintiff's Complaint details what actions Fifth Third – the only properly named defendant in this action – allegedly took or failed to take in violation of the ELCRA.

Plaintiff previously filed suit for the same alleged claims and damages in the United States District Court for the Eastern District of Michigan on June 27, 2022, in an action captioned *Lizzie Pugh v. Fifth Third Bank, National Association; Fifth Third Bank Financial Corporation; and Old Kent Mortgage Services, Inc.*, No. 3:22-cv-11433-RHC-APP (the "Prior Federal Court Action"). The Prior Federal Court

5

Action was assigned to the Hon. Robert H. Cleland. The Prior Federal Court Action was voluntarily dismissed on July 8, 2022, and the present Complaint was refiled in the Circuit Court of Wayne County on August 5, 2022. On August 29, 2022, Fifth Third removed the case to the United States District Court for the Eastern District of Michigan based on diversity jurisdiction, because Defendant OKMS, the only named Michigan resident, was fraudulently joined and Plaintiff's Complaint does not state any viable claims against it. *See generally* Notice of Removal.

## LEGAL STANDARD

Fed. R. Civ. P. 21 states that, "[o]n a motion or on its own, the court may at any time, on just terms, add or drop a party." "Although the Court may not drop an indispensable party, it is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time…" *Peguese v. PNC Bank, N.A.*, 306 F.R.D. 540, 546 (E.D. Mich. May 6, 2015) (internal citations and quotations omitted). Indeed, "it is appropriate to drop a nondiverse and dispensable party from litigation in order to achieve diversity." *Soberay Mach. and Equip. Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 763 (6th Cir.1999) (citations omitted).

A party is considered indispensable, or required, if: "(A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject matter of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter

6

impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a).

## ARGUMENT

Plaintiff's Complaint against OKMS should be dismissed because Plaintiff fraudulently joined this non-diverse defendant to defeat diversity of citizenship jurisdiction. "Fraudulent joinder occurs when the non-removing party joins a party against whom there is no colorable cause of action." *Walker v. Philip Morris USA, Inc.*, 443 Fed. Appx. 946, 951 (6th Cir. 2011) (*citing Saginaw Hous. Comm'n v. Bannum, Inc.*, 576 F.3d 620, 624 (6th Cir. 2009)). To establish fraudulent joinder, OKMS is required to show that Plaintiff's claims against OKMS have no basis in fact and law. *Walker*, 443 Fed. Appx. at 951; *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994).

To meet their burden, OKMS may present evidence to demonstrate that Plaintiff does not have a colorable basis under Michigan law for recovery against the non-diverse defendants. *See Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 433 (6th Cir. 2012); *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1135 (6th Cir. 1996) ("[O]n a Rule 12(b)(1) challenge to subject matter jurisdiction, the court is empowered to resolve factual disputes"). The Court can "pierce the pleading and consider summary judgment evidence, such as affidavits presented by the

parties." *Casias*, 695 F.3d at 433 (internal quotation omitted). It is well-settled that when a party has been fraudulently joined, it should be dismissed from the lawsuit. *Chambers v. HSBC Bank*, 2013 U.S. Dist. LEXIS 200502, *3 (E.D. Mich. Dec. 19, 2013) citing *Probus v. Charter Comm., LLC*, 234 Fed. App'x 404, 407.

      Here, it is clear that Plaintiff's claim against OKMS under the ELCRA has no basis in law or fact. Plaintiff has no colorable claim against OKMS because it never interacted with Plaintiff, never participated in the sole transaction at issue in Plaintiff's Complaint, and never even owned property where the subject transaction occurred. *See* Notice of Removal, Ex. B, Cliffel Aff. ¶¶ 6, 15, 17. The President for OKMS and member of its Board of Directors, Al Cliffel, attests that not only is the company inoperable (and has been since 2005), but it does not have, and has never had, employees, operations, administration, or processes related to deposit or savings account or their servicing, as it has always been a non-banking entity. *Id.* at ¶ 6, 14. Perhaps even more importantly, Plaintiff's Complaint does not even *attempt to allege* that OKMS interacted with Plaintiff, participated in the transaction at issue, or has any relevance to this lawsuit. *See generally*, Notice of Removal, Ex. A. Compl. Indeed, the Complaint does not include a single particularized allegation against OKMS. *See id.* Plaintiff only sets forth facts and elements of her purported claim under the ELCRA **against Fifth Third** - because that is the only named defendant that was involved in the subject banking transaction.

8

Finally, while OKMS is a wholly owned subsidiary of Fifth Third,[2] under Michigan law, that fact alone is not sufficient to survive dismissal. Rather, it is a well-recognized principle that "separate corporate entities will be respected." *Thomas v. Dollar Gen. Corp.,* No. 337013, 2018 WL 1343042, at *4-5 (Mich. Ct. App. March 15, 2018) quoting *Seasword v Hilti, Inc*, 449 Mich. 542, 547 (1995). Indeed, "Michigan law presumes that, absent some abuse of corporate form, parent and subsidiary corporations are separate and distinct entities." *See Seasword*, 449 Mich. 542, 547 (1995). As such, Plaintiff's Complaint is not only facially deficient, in that Plaintiff failed to assert any allegations against OKMS directly, but also legally inadequate, as the allegations against Fifth Third alone are not sufficient to state a plausible claim for relief against an unrelated subsidiary corporation.

Stated simply, there are no facts pled – or that even exist – which would render OKMS an indispensable party to this matter or liable to Plainitff. In reality, OKMS is dispensable since "complete and adequate relief can be afforded to the parties to this litigation without the presence of" OKMS. *Aetna Cas. & Sur. Co. v. Dow Chemical Co.*, 44 F.Supp.2d 870, 877 (E.D.Mich. 1999). Thus, as a fraudulently joined and dispensable party, Rule 21 is the proper mechanism for this Court to drop

---

[2] In fact, the o*nly* allegation directed at OKMS is that it is a subsidiary of Fifth Third. Notice of Removal, Ex. A. Compl. ¶ 5.

a non-diverse party. See, *Feller v. Medical Protective Co.*, 2014 U.S. Dist. LEXIS 13435, Case 13-14193, *13-14 (E.D. Mich. Feb. 4, 2014) (Exhibit C).

## CONCLUSION

Plaintiff cannot allege any viable claims against OKMS. Moreover, OKMS is a dispensable party to this litigation, included only to defeat diversity. Accordingly, Defendant OKMS respectfully requests that the Court dismiss OKMS.

Dated:  September 7, 2022						Respectfully submitted,

/s/  *J. Travis Mihelick*
Travis Mihelick (P73050)
*Attorneys for Defendant/Counter-Claimant*
900 Wilshire Drive, Suite 300
Troy, Michigan 48084
(248) 203-1655 / (248) 647-5210 (fax)
Travis.mihelick@dinsmore.com

Katherine A. Rasmussen (P83661)
255 E. Fifth Street, Ste. 1900
Cincinnati, OH 45202
(614) 628-6982/ (513) 977-8141 (fax)
Katherine.rasmussen@dinsmore.com

10

## **CERTIFICATE OF SERVICE**

I hereby certify that on *September 7, 2022*, I electronically filed the foregoing instrument with the Clerk of the Court using the ECF system and that a copy was electronically served on all counsel of record via the ECF system, and to any counsel not registered to receive electronic copies from the court, by enclosing same in a sealed envelope with first class postage fully prepaid, addressed to the above, and depositing said envelope and its contents in a receptacle for the U.S. mail.

/s/ *J. Travis Mihelick*
J. Travis Mihelick (P73050)