## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**LIZZIE PUGH**, *an individual,*

     Plaintiff,

v.

**FIFTH THIRD BANK,
NATIONAL ASSOCIATION,** *a
foreign corporation,* **FIFTH THIRD
FINANCIAL CORPORATION,** *a
foreign corporation*,

     Defendants.

Case No. 3:22-cv-12028-RHC-APP
Hon. Robert H. Cleland
Magistrate Judge Anthony P. Patti

---

| **DEBORAH GORDON LAW** | **DINSMORE & SHOHL LLP** |
|---|---|
| Deborah L. Gordon (P27058) | J. Travis Mihelick (P73050) |
| Elizabeth Marzotto Taylor (P82061) | *Attorneys for Defendants* |
| Sarah Gordon Thomas (P83935) | 900 Wilshire Dr., Ste. 300 |
| Molly Savage (P84472) | Troy, Michigan 48084 |
| *Attorneys for Plaintiff* | T: (248) 647-6000 |
| 33 Bloomfield Hills Parkway, Suite 220 | F: (248) 647-5210 |
| Bloomfield Hills, Michigan 48304 | Travis.mihelick@dinsmore.com |
| (248) 258-2500 | |
| dgordon@deborahgordonlaw.com | Katherine A. Rasmussen (P83661) |
| emarzottotaylor@deborahgordonlaw.com | 255 E. Fifth Street, Ste. 1900 |
| sthomas@deborahgordonlaw.com | Cincinnati, OH 45202 |
| masavage@deborahgordonlaw.com | T: (614) 628-6982 |
| | F: (513) 977-8141 |
| | Katherine.rasmussen@dinsmore.com |

---

## DEFENDANTS FIFTH THIRD BANK, N.A. AND FIFTH THIRD FINANCIAL CORPORATION'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

1

NOW COMES Defendants FIFTH THIRD BANK, NATIONAL ASSOCIATION and FIFTH THIRD FINANCIAL CORPORATION (collectively, "Fifth Third")[1] by and through their attorneys, DINSMORE & SHOHL LLP, and for their answer to Plaintiff's First Amended Complaint states as follows:

<strong>JURISDICTION & VENUE</strong>

1.     This is an action by Plaintiff Lizzie Pugh against Fifth Third Bank National Association and its subsidiary Fifth Third Financial Corporation (collectively "Fifth Third") for race discrimination in the making of contracts and in public accommodations.

**ANSWER: This paragraph contains introductory statements to which no response is required. To the extent a response is required, Fifth Third denies that any events occurred which would substantiate Plaintiff's claims against Fifth Third or entitle Plaintiff to any damages or other relief.**

2.     This Court has federal question jurisdiction, pursuant to 28 U.S.C § 1331, as Count I, alleging violations of 42 U.S.C. § 1981, arises under the laws of the United States.

**ANSWER: This paragraph calls for a legal conclusion, and thus requires no response. To the extent a response is required, Fifth Third does not contest the**

---

[1] Although Fifth Third Bank, N.A., maintains that Fifth Third Financial Corporation is inappropriately named, this answer is on behalf of Fifth Third Bank, N.A. and Fifth Third Financial Corporation, collectively.

jurisdiction of this Court to hear this action, only. Further, Fifth Third denies any wrongdoing and denies that any events occurred which would substantiate Plaintiff's claims against Fifth Third and which would entitle Plaintiff to any damages or other relief.

3.  This Court has diversity jurisdiction, pursuant to 28 U.S.C. § 1332, as this matter is between citizens of different states and the amount in controversy exceeds $75,000.

**ANSWER: This paragraph calls for a legal conclusion, and thus requires no response. To the extent a response is required, Fifth Third does not contest the jurisdiction of this Court to hear this action, only. Further, Fifth Third denies any wrongdoing and denies that any events occurred which would substantiate Plaintiff's claims against Fifth Third and which would entitle Plaintiff to any damages or other relief.**

4.  Plaintiff is domiciled in Detroit, Michigan.

**ANSWER: Fifth Third is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and therefore denies the allegations.**

5.  Defendant Fifth Third Bank, National Association is a corporation headquartered in Cincinnati, Ohio and incorporated under the laws of the District of Columbia.

**ANSWER: Fifth Third admits only that it is a national banking association, organized under the laws and regulations of the United States, which is headquartered and with its main office in Cincinnati, Ohio. Any remaining allegations are denied as untrue.**

6.      Defendant Fifth Third Financial Corporation is headquartered in Cincinnati, Ohio and incorporated under the laws of the State of Ohio.

**ANSWER: Fifth Third Financial Corporation admits only that it is incorporated under the laws of the state of Ohio and headquartered in Cincinnati, Ohio.**

7.      Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise to the claims occurred in the Eastern District of Michigan.

**ANSWER: This paragraph calls for a legal conclusion, and thus requires no response. To the extent a response is required, Fifth Third does not contest the jurisdiction of this Court to hear this action, only. Further, Fifth Third denies any wrongdoing and denies that any events occurred which would substantiate Plaintiff's claims against Fifth Third and which would entitle Plaintiff to any damages or other relief.**

## STATEMENT OF FACTS

8.      Plaintiff Lizzie Pugh is a 71-year-old Black woman.

**ANSWER: Fifth Third is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and therefore denies the allegations.**

9.      Ms. Pugh was born and raised in Alabama during the Jim Crow Era.

**ANSWER: Fifth Third is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and therefore denies the allegations.**

10.      Ms. Pugh moved to Detroit, Michigan in 1971 at the age of 20.

**ANSWER: Fifth Third is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and therefore denies the allegations.**

11.      She worked for Detroit Public Schools for 36 years until her retirement and has since served as deacon at her church.

**ANSWER: Fifth Third is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and therefore denies the allegations.**

12.      On Saturday, April 9, 2022, Ms. Pugh traveled with her church group to Soaring Eagle Casino & Resort ("Soaring Eagle") in Mt. Pleasant, Michigan, for a group outing.

**ANSWER: Fifth Third is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and therefore denies the allegations.**

13.     While at Soaring Eagle, Ms. Pugh won several thousand dollars on a slot machine. Ms. Pugh elected to immediately pay the taxes on her winnings at the casino

**ANSWER: Fifth Third is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and therefore denies the allegations.**

14.     Ms. Pugh collected her winnings, less taxes, via check issued by Soaring Eagle and a small amount of cash.

**ANSWER: Fifth Third is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and therefore denies the allegations.**

15.     On Monday, April 11, 2022, Ms. Pugh went to a Fifth Third branch in Livonia, Michigan to open a savings account and to deposit her winnings into the newly created account.

**ANSWER: In response to Paragraph 15 of the Complaint, Fifth Third admits only that Plaintiff visited a Fifth Third branch in Livonia, Michigan on Monday, April 11, 2022. Fifth Third is without knowledge or information**

**sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph, and therefore denies the allegations.**

16.     Ms. Pugh did not have an account with Fifth Third prior to April 11, 2022.

**ANSWER: Fifth Third admits the allegations contained in Paragraph 16 of the Complaint.**

17.     Upon entering the bank, several bank employees saw Ms. Pugh waiting to be helped but refused to acknowledge or assist her.

**ANSWER:  Denied as untrue.**

18.     After waiting several minutes to be helped, a bank employee ("Employee #1") called Ms. Pugh into her office; Ms. Pugh explained that she wanted to open a savings account and deposit a check into the account.

**ANSWER: In response to Paragraph 18 of the Complaint, Fifth Third admits that Plaintiff was assisted by a Fifth Third employee in her office and expressed interest in opening a savings account and depositing a check. Fifth Third denies that Plaintiff waited any unreasonable amount of time. Finally, Fifth Third is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in this paragraph, and therefore denies the allegations.**

19.     Ms. Pugh handed Employee #1 her check from Soaring Eagle Casino.

**ANSWER: Without identification of "Employee #1", Fifth Third is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and therefore denies the allegations. To the extent there are any allegations of wrongdoing, such allegations are denied as untrue.**

20.    Employee #1 asked Ms. Pugh where she worked.

**ANSWER: Without identification of "Employee #1", Fifth Third is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and therefore denies the allegations. To the extent there are any allegations of wrongdoing, such allegations are denied as untrue.**

21.    Ms. Pugh explained that she was retired and the check was for money she had won at Soaring Eagle Casino.

**ANSWER: Fifth Third is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and therefore denies the allegations.**

22.    Employee #1, a white woman, without any investigation, told Ms. Pugh that her check was "fraudulent" and that Fifth Third would not allow her to deposit the check.

**ANSWER: Without identification of "Employee #1", Fifth Third is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and therefore denies the allegations. To the extent there are any allegations of wrongdoing, such allegations are denied as untrue.**

23.   Employee #1's determination that the check was "fraudulent" was unreasonable and unfounded. The check had no indicia of fraudulent activity.

**ANSWER: Fifth Third denies the allegations contained in Paragraph 23 of the Complaint. In further response, Fifth Third specifically denies that "Employee #1" made a "determination that the check was 'fraudulent'" as alleged, and denies that any events occurred which would substantiate Plaintiff's claims against Fifth Third.**

24.   The payor information contains Soaring Eagle's logo and address.

**ANSWER: Fifth Third is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and therefore denies the allegations. Further, Fifth Third states that Plaintiff failed to attach a copy of the check to the Complaint, which is the best evidence of this allegation. To the extent these allegations and inconsistent with the true copy of the check, they are denied as untrue.**

25.     The payee information contained Ms. Pugh's name and the same home address listed on her driver's license.

**ANSWER: Fifth Third is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and therefore denies the allegations. Further, Fifth Third states that Plaintiff failed to attach a copy of the check to the Complaint, which is the best evidence of this allegation. To the extent these allegations and inconsistent with the true copy of the check, they are denied as untrue.**

26.     The check lists the issuing bank's information and the memo line states "SLOT JACKPOT."

**ANSWER: Fifth Third is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and therefore denies the allegations. Further, Fifth Third states that Plaintiff failed to attach a copy of the check to the Complaint, which is the best evidence of this allegation. To the extent these allegations and inconsistent with the true copy of the check, they are denied as untrue.**

27.     The check contains a notation which states, "TWO SIGNATURES REQUIRED" and is signed by two payors.

**ANSWER: Fifth Third is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and**

**therefore denies the allegations. Further, Fifth Third states that Plaintiff failed to attach a copy of the check to the Complaint, which is the best evidence of this allegation. To the extent these allegations and inconsistent with the true copy of the check, they are denied as untrue.**

28.     Employee #1 refused to give Ms. Pugh her check back and called in another Fifth Third employee ("Employee #2").

**ANSWER: Without identification of "Employee #1" or "Employee 2", Fifth Third is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and therefore denies the allegations. To the extent there are any allegations of wrongdoing, such allegations are denied as untrue.**

29.     Employee #2, a white woman, also insisted that the check was fraudulent and refused to give it back to Ms. Pugh.

**ANSWER: Without identification of "Employee #2", Fifth Third is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and therefore denies the allegations. To the extent there are any allegations of wrongdoing, such allegations are denied as untrue.**

30.     Ms. Pugh asked the employees to call 9-1-1 because she would not be leaving without her check.

**ANSWER: Fifth Third denies the allegations in Paragraph 30 of the Complaint as untrue.**

31.    Employee #1 and #2 refused and took Ms. Pugh's check to another employee's ("Employee #3", a white woman) office.

**ANSWER: Without identification of "Employee #1", "Employee 2," or "Employee 3," Fifth Third is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and therefore denies the allegations. To the extent there are any allegations of wrongdoing, such allegations are denied as untrue.**

32.    After several minutes, Ms. Pugh went into Employee #3's office and asked for her check back.

**ANSWER: Without identification of "Employee #3", Fifth Third is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and therefore denies the allegations. To the extent there are any allegations of wrongdoing, such allegations are denied as untrue.**

33.    Employee #3 told Ms. Pugh that because the check was fraudulent, Fifth Third would not allow Ms. Pugh to open an account and deposit the check

**ANSWER: Fifth Third denies the allegations contained in Paragraph 33 of the Complaint.**

12

34.     Ms. Pugh would have opened a savings account and deposited her check into the account had Fifth Third not refused to provide banking services to her.

**ANSWER: Fifth Third is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and therefore denies the allegations. In further response, Fifth Third denies any wrongdoing and denies that any events occurred which would substantiate Plaintiff's claims against Fifth Third or entitle Plaintiff to any damages or other relief.**

35.     The employees eventually gave Ms. Pugh her check back.

**ANSWER: In response to Paragraph 35 of the Complaint, Fifth Third admits only that the check was returned to Ms. Pugh at her request. Fifth Third denies any remaining allegations contained in Paragraph 34 of the Complaint.**

36.     Ms. Pugh left Fifth Third and went to another bank where she was able to deposit her check.

**ANSWER: Fifth Third is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and therefore denies the allegations.**

37.     The check cleared the following day without issue.

**ANSWER: Fifth Third is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and therefore denies the allegations.**

38. Upon information and belief, Defendants have allowed similarly situated persons who are not Black to open savings accounts.

**ANSWER: Fifth Third denies the allegations contained in Paragraph 38 of the Complaint, as they are deliberately vague and misleading. In further response, Fifth Third denies any wrongdoing and denies that any events occurred which would substantiate Plaintiff's claims against Fifth Third or entitle Plaintiff to any damages or other relief.**

39.    Upon information and belief, Defendants have allowed similarly situated persons who are not Black to deposit checks.

**ANSWER: Fifth Third denies the allegations contained in Paragraph 39 of the Complaint, as they are deliberately vague and misleading. In further response, Fifth Third denies any wrongdoing and denies that any events occurred which would substantiate Plaintiff's claims against Fifth Third or entitle Plaintiff to any damages or other relief.**

## COUNT I
### *Race Discrimination in the Making of a Contract in Violation of 42 U.S.C. § 1981*

40.    Plaintiff repeats and realleges the foregoing paragraphs as though set forth in full herein.

**ANSWER: Fifth Third incorporates its response to all prior paragraphs herein.**

41.    Plaintiff is a member of a protected class based on her race.

**ANSWER: This paragraph calls for a legal conclusion, and thus requires no response. To the extent a response is required, Fifth Third denies any wrongdoing and denies that any events occurred which would substantiate Plaintiff's claims against Fifth Third or entitle Plaintiff to any damages or other relief.**

42.    Plaintiff, as a Black person, belongs to an identifiable class of persons who are subject to discrimination based on their race.

**ANSWER: Fifth Third is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and therefore denies the allegations.**

43.    Defendant Fifth Third, and its subsidiaries, is a place of public accommodation that provides banking services to all members of the public.

**ANSWER: This paragraph calls for a legal conclusion, and thus requires no response. To the extent a response is required, Fifth Third denies any wrongdoing and denies that any events occurred which would substantiate Plaintiff's claims against Fifth Third or entitle Plaintiff to any damages or other relief.**

44.    Plaintiff made herself available to receive Defendants' banking services, including opening a bank account and depositing money into the account, in the manner in which the services are ordinarily provided.

**ANSWER: Fifth Third is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph, and therefore denies the allegations.**

45.    Plaintiff did not enjoy the privileges and benefits of the contracted for experience because she was deprived of Defendants' banking services while similarly situated persons outside the protected class were not deprived of those services.

**ANSWER: Denied as untrue.**

46.    Plaintiff did not enjoy the privileges and benefits of the contracted for experience because she received services in a markedly hostile manner and in a manner which a reasonable person would find objectively unreasonable.

**ANSWER: Denied as untrue.**

47.    Defendants' decisions to treat Plaintiff less favorably than other individuals, to refuse to allow Plaintiff to open a bank account, to refuse to deposit Plaintiff's check, and to withhold Plaintiff's check from her were made based on Plaintiff's race.

**ANSWER: Denied as untrue.**

48.    Defendants acted knowingly and intentionally in discriminating against Plaintiff based on her race.

**ANSWER: Denied as untrue.**

49.    Defendants' actions resulted in discrimination against Plaintiff in the terms, conditions, and privileges of a financial institution because of race.

**ANSWER: Denied as untrue.**

50.    Defendants' actions, as described above, were in deliberate disregard of and with reckless indifference to the rights and sensibilities of Plaintiff.

**ANSWER: Denied as untrue.**

51.    Defendants' discriminatory actions abridged Plaintiff's right to make and enforce contracts.

**ANSWER: Denied as untrue.**

52.    Defendants' actions, in refusing to allow Plaintiff to open a bank account and refusing to allow Plaintiff to deposit her check, were profoundly contrary to Defendants' manifest financial interests, such that they constitute "marked hostility."

17

**ANSWER: Denied as untrue.**

53.    Defendants' actions, in refusing to allow Plaintiff to open a bank account and refusing to allow Plaintiff to deposit her check, were so far outside of widely-accepted business norms such that they constitute "marked hostility."

**ANSWER: Denied as untrue.**

54.    Defendants' actions, in refusing to allow Plaintiff to open a bank account and refusing to allow Plaintiff to deposit her check, were so arbitrary on their face, such that they constitute "marked hostility."

**ANSWER: Denied as untrue.**

55.    As a direct and proximate result of Defendants' wrongful acts, Plaintiff sustained injuries and damages including, but not limited to, outrage and humiliation, mental anguish, anxiety, physical and emotional distress, and the loss of the ordinary pleasures of everyday life.

**ANSWER: Denied as untrue.**

**COUNT II**
***Race Discrimination in violation of Michigan's Elliott-Larsen Civil
Rights Act***

56.    Plaintiff repeats and realleges the foregoing paragraphs as though set forth in full herein.

**ANSWER: Fifth Third incorporates its response to all prior paragraphs herein.**

57.   Defendant Fifth Third is a financial institution, and provides a public service, and is a place of public accommodation as defined by Michigan's Elliott-Larsen Civil Rights Act ("ELCRA"), MCL 37.2301 et seq.

**ANSWER: This paragraph calls for a legal conclusion, and thus requires no response. To the extent a response is required, Fifth Third denies any wrongdoing and denies that any events occurred which would substantiate Plaintiff's claims against Fifth Third or entitle Plaintiff to any damages or other relief.**

58.   Plaintiff was denied the full and equal enjoyment of Defendants' goods, services, facilities, privileges, advantages, and/or accommodations because of her race.

**ANSWER: Denied as untrue.**

59.   Plaintiff's race the motivating factor in Defendants' decision to treat her less favorably than other individuals, refusal to allow her to open a bank account, refusal to deposit her check, and decision to withhold Plaintiff's check from her.

**ANSWER: Denied as untrue.**

60.   Defendants' actions resulted in discrimination against Plaintiff in the full utilization of or benefit of a financial institution or the services and activities provided by the financial institution because of race.

**ANSWER: Denied as untrue.**

61. Defendants' actions also resulted in discrimination against Plaintiff in the terms, conditions, and privileges of a financial institution because of race.

**ANSWER: Denied as untrue.**

62. Defendants' actions further resulted in denying Plaintiff the full and equal enjoyment of the services, facilities, privileges, and advantages of a public accommodation or public service, because of race.

**ANSWER: Denied as untrue.**

63. Defendants, by its agents, representatives, and employees, was predisposed to discriminate on the basis of race, and acted in accordance with that predisposition.

**ANSWER: Denied as untrue.**

64. Defendants' actions as described above were in deliberate disregard of and with reckless indifference to the rights and sensibilities of Plaintiff.

**ANSWER: Denied as untrue.**

65. As a direct and proximate result of Defendants' wrongful acts, Plaintiff sustained injuries and damages including, but not limited to, outrage and humiliation, mental anguish, anxiety, physical and emotional distress, and loss of ordinary pleasures of everyday life.

**ANSWER: Denied as untrue.**

**Except as specifically admitted herein, Fifth Third denies all allegations of the Complaint, including demands and prayers for relief, and demands strict proof thereof.**

WHEREFORE, Fifth Third respectfully requests that this Court enter an order dismissing Plaintiff's case in its entirety and awarding Fifth Third costs, interest, attorney fees, and any other relief that is warranted under the circumstances.

Dated:  October 7, 2022                 Respectfully submitted,


/s/  *J. Travis Mihelick*
Travis Mihelick (P73050)
*Attorneys for Defendant*
900 Wilshire Drive, Suite 300
Troy, Michigan 48084
(248) 203-1655 / (248) 647-5210 (fax)
Travis.mihelick@dinsmore.com

Katherine A. Rasmussen (P83661)
255 E. Fifth Street, Ste. 1900
Cincinnati, OH 45202
(614) 628-6982/ (513) 977-8141 (fax)
Katherine.rasmussen@dinsmore.com

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**LIZZIE PUGH**, *an individual,*

    Plaintiff,

v.

**FIFTH THIRD BANK,**
**NATIONAL ASSOCIATION,** *a*
*foreign corporation,* **FIFTH THIRD**
**FINANCIAL CORPORATION,** *a*
*foreign corporation*,

    Defendants.

Case No. 3:22-cv-12028-RHC-APP
Hon. Robert H. Cleland
Magistrate Judge Anthony P. Patti

_____

## AFFIRMATIVE AND/OR SPECIAL DEFENSES

NOW COMES Defendants FIFTH THIRD BANK, NATIONAL ASSOCIATION and FIFTH THIRD FINANCIAL CORPORATION (collectively, "Fifth Third") by and through their attorneys, DINSMORE & SHOHL LLP, and for its Affirmative Defenses, states as follows:

1.    The Complaint fails to state a claim against Fifth Third for which relief can be granted.

2.    There are no genuine issues as to any material fact and, therefore, Fifth Third is entitled to summary judgment as a matter of law.

3.      Plaintiff's claims are barred, in whole or in part, because Fifth Third acted lawfully and in good faith at all times relevant hereto, and has not violated any statutory or legal right to Plaintiff.

4.      Fifth Third acted at all times within the bounds of good faith and for legitimate, non-discriminatory, non-retaliatory business reasons.

5.      To the extent that any adverse treatment of Plaintiff occurred (which Fifth Third denies), the same action would have been taken in the absence of any unlawful motivating factor.

6.      Plaintiff's injuries and/or damages and/or expenses, if any, were the direct and proximate result of her own misconduct, acts, omissions, negligence, and/or fault.

7.      Plaintiff's claims are barred because Fifth Third did not act arbitrarily, capriciously, or in bad faith.

8.      Fifth Third will show that it was guided by and strictly observed all legal duties and obligations imposed by law or otherwise, and further, that all actions of any of Fifth Third's agents, servants, employees, or associates were careful, prudent, proper and lawful.

9.      Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

10.      Plaintiff's claims of damages or liability are barred in whole or in part by her failure to mitigate such damages.

11.     At all relevant times, Fifth Third complied with the requirements of the Elliott-Larsen Civil Rights Act ("ELCRA").

12.     At all relevant times, Fifth Third had a good faith belief that it was in compliance with the requirements of the ELCRA.

13.     The actions alleged by Plaintiff to have taken place, which Fifth Third denies, were not severe or pervasive enough to rise to the level of a cause of action against Fifth Third.

14.     Fifth Third denies each and every allegation not specifically admitted herein.

15.     Plaintiff's claims may be barred by the statute of limitations, latches, or other applicable statutes and rules.

16.     The alleged acts or omissions of Fifth Third were not a proximate cause of any damage or injury to Plaintiff.

17.     Plaintiff has waived her right to a jury trial.

18.     Plaintiff has not demonstrated, and cannot demonstrate, facts sufficient to state a claim for race discrimination.

19.     Plaintiff has not demonstrated, and cannot demonstrate, facts sufficient to warrant compensatory, punitive, or exemplary damages.

20.     Plaintiff's claims are frivolous, unreasonable, and groundless, and, accordingly, Fifth Third is entitled to recover all costs and attorneys' fees incurred herein.

21.     Fifth Third reserves the right to amend its answer and affirmative defenses to add additional or other affirmative defenses or to delete or withdraw affirmative defenses or to add counterclaims and/or crossclaims as may be necessary after reasonable opportunity for appropriate discovery.


Dated: October 7, 2022                    Respectfully submitted,

                                          /s/  *J. Travis Mihelick*_____
                                          Travis Mihelick (P73050)
                                          *Attorneys for Defendant*
                                          900 Wilshire Drive, Suite 300
                                          Troy, Michigan 48084
                                          (248) 203-1655 / (248) 647-5210 (fax)
                                          Travis.mihelick@dinsmore.com

                                          Katherine A. Rasmussen (P83661)
                                          255 E. Fifth Street, Ste. 1900
                                          Cincinnati, OH 45202
                                          (614) 628-6982/ (513) 977-8141 (fax)
                                          Katherine.rasmussen@dinsmore.com

## RELIANCE UPON JURY DEMAND

NOW COMES Defendants FIFTH THIRD BANK, NATIONAL ASSOCIATION and FIFTH THIRD FINANCIAL CORPORATION (collectively, "Fifth Third") by and through their attorneys, DINSMORE & SHOHL LLP, and hereby relies upon the Jury Demand filed in this matter.

Dated: October 7, 2022                Respectfully submitted,

/s/  J. Travis Mihelick
Travis Mihelick (P73050)
*Attorneys for Defendant*
900 Wilshire Drive, Suite 300
Troy, Michigan 48084
(248) 203-1655 / (248) 647-5210 (fax)
Travis.mihelick@dinsmore.com

Katherine A. Rasmussen (P83661)
255 E. Fifth Street, Ste. 1900
Cincinnati, OH 45202
(614) 628-6982 / (513) 977-8141 (fax)
Katherine.rasmussen@dinsmore.com

## CERTIFICATE OF SERVICE

I hereby certify that on *October 7, 2022*, I electronically filed the foregoing instrument with the Clerk of the Court using the ECF system and that a copy was electronically served on all counsel of record via the ECF system, and to any counsel not registered to receive electronic copies from the court, by enclosing same in a sealed envelope with first class postage fully prepaid, addressed to the above, and depositing said envelope and its contents in a receptacle for the U.S. mail.

/s/ J. Travis Mihelick
J. Travis Mihelick (P73050)

26